IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | **CR. NO. 05-00117-01 HG** |
| ) | |
| Plaintiff, ) | **MEMORANDUM IN SUPPORT OF** |
| ) | **MOTION** |
| vs. ) | |
| ) | |
| KENNETH CHIO HENG IONG, (01) ) | |
| ) | |
| Defendant. ) | |
| ) | |

MEMORANDUM IN SUPPORT OF MOTION

**Statement of Facts**

On November 6, 2003, Defendant Kenneth Iong was met at the Honolulu International Airport by several federal agents after he arrived from Japan. Mr. Iong was taken to a private room at the airport and questioned about his alleged use of a false Costa Rican passport.

Mr. Iong was not given any Miranda warnings. However, the government has indicated in its reports that Mr. Iong was allegedly advised that he was free to leave.

**Issue**

Was Mr. Iong in custody at the time of the interrogation?

**Discussion of Law**

It is well-settled that custodial interrogation conducted to obtain incriminating statements must be

preceded by procedural safeguards, and must follow from a knowing, intelligent and wholly voluntary relinquishment of Fifth and Sixth Amendment rights. <u>Miranda v. Arizona</u>, 348 U.S. 437(1966); <u>Moran v. Burbine</u>, 106 S.Ct. 1135, 1140-41 (1986). These procedural safeguards were not followed in this case.

Whether a person is in custody, for the purposes of Miranda, depends upon the particular factual situation. The factors to be weighed in determining custody when an arrest is not explicit include the manner in which officers summon and/or restrain the defendant, the physical surroundings, the pressure used to detain the defendant, and the presence or absence of probable cause to arrest. <u>United States v. Estrada-Lucas</u>, 651 F.2d 1261, 1266 (9th Cir. 1980).

In <u>United States v. Estrada-Lucas</u>, 651 F.2d 1261 (9th Cir. 1980), the Court ruled that Miranda warnings are required when a defendant is questioned by agents about unlawful activity after being confronted with the instrumentalities of a crime. <u>Estrada-Lucas</u>, 651 F.2d at 1265-1266. In <u>Estrada-Lucas</u>, the defendant, Ms. Acevedo, was searched at a border crossing and agents found bags of jewelry valued at $19,000. <u>Id.</u> at 1262. The agents confronted Ms. Acevedo with the jewelry, and questioned

2

her about the jewelry without first providing Miranda warnings.  Id.  Ms. Acevedo made statements that the jewelry was hers, and was subsequently charged with importation of undeclared merchandise.  Id.  This Court held that the test of whether there was a Miranda violation in such situations was two-fold; first whether there was probable cause for the agents to believe a crime was being committed, and second, whether Ms. Acevedo was in custody.  Id. at 1265-1266.

Concerning the first test, the Court found that the agents had probable cause when they found the first bag of jewelry, since Ms. Acevedo had already failed to declare any jewelry at the border.  Id. at 1265.  Thus, it "was more probable than not, the approximately $6,000 worth of gold jewelry [the agent] could see in the first bag was not part of Acevedo's personal wardrobe."  Id. at 1266.  Under the second test of whether Ms. Acevedo was in custody at the time of the questioning, this Court found that it was unlikely that Ms. Acevedo felt free to leave with her valuables in the possession of the agents.  Id. at 1266.  However, a larger factor was that the evidence of Ms. Avevedo's guilt was being "displayed prominently while the officers questioned her," and Ms. Acevedo "was not led to believe that the items discovered

3

in her luggage were to be handled as a minor administrative matter." Id.  Thus, this Court ruled that, under the circumstances, Ms. Acevedo was in custody and Miranda warnings were required.  Id.

Mr. Iong's case mirrors Estrada-Lucas.  First, by the time law enforcement approached Mr. Iong, the agents had probable cause to believe that Mr. Iong had committed a crime.  The issue then becomes whether Mr. Iong was in custody when he was questioned.

Whether one is in custody is an objective test.  An individual's liberty is restrained when "taking into account all of the circumstance surrounding the encounter, the police conduct would 'have communicated to a reasonable person that he was not at liberty to ignore the police presence and go about his business.'" Florida v. Bostick, 501 U.S. 429, 437 (1991) (quoting California v. Hodari D., 499 U.S. 621, 628 (1991)).  In examining Mr. Iong's case from this objective standpoint, he, like the defendant in Estrada-Lucas, could not have felt free to leave while being confronted about a phony passport by federal agents post 9/11.

To determine whether an individual was in custody, a court must, after examining all of the circumstances surrounding the interrogation, decide "whether there

4

[was] a formal arrest or restraint on freedom of movement of the degree associated with a formal arrest." Stansbury v. California, 511 U.S. 318, 322, 128 L. Ed. 2d 293, 114 S. Ct. 1526 (1994) (internal quotation marks omitted). The inquiry focuses on the objective circumstances of the interrogation, not the subjective views of the officers or the individual being questioned. Id. at 323. That is, we must determine whether "the officers established a setting from which a reasonable person would believe that he or she was not free to leave." United States v. Beraun-Panez, 812 F.2d 578, 580 (9th Cir.), modified by 830 F.2d 127 (9th Cir. 1987).

The following factors are among those likely to be relevant to deciding that question: "(1) the language used to summon the individual; (2) the extent to which the defendant is confronted with evidence of guilt; (3) the physical surroundings of the interrogation; (4) the duration of the detention; and (5) the degree of pressure applied to detain the individual." Other factors may also be pertinent to, and even dispositive of, the ultimate determination whether a reasonable person would have believed he could freely walk away from the interrogators; the Beraun-Panez/Hayden factors are simply

5

ones that recur frequently. United States v. Kim, 292 F.3d 969, 973-974 (9th Cir. 2002)[citations omitted].

In the case at bar, while there may not have been a formal arrest of Mr. Iong, there was sufficient restraint of Mr. Iong's liberty so as to amount to a custodial interrogation.

### Conclusion

As a result of the foregoing, it is respectfully requested that this motion is granted.

DATED: Honolulu, Hawaii, August 1, 2006.

/s/ David F. Klein
DAVID F. KLEIN
Attorney for Defendant
KENNETH CHIO HENG IONG