```
              IN THE UNITED STATES DISTRICT COURT

                   FOR THE DISTRICT OF HAWAII
```

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | **CR. NO. 05-00117-01 HG** |
| Plaintiff, ) | **MEMORANDUM IN SUPPORT OF MOTION** |
| vs. ) | |
| KENNETH CHIO HENG IONG, (01) ) | |
| Defendant. ) | |

MEMORANDUM IN SUPPORT OF MOTION

**Statement of Facts**

Mr. Iong has been indicted in an eleven-count indictment. Counts 1 through 10 of the indictment alleged various tax and bank fraud charges that allegedly occurred at different times from November 20, 1997 through June 4, 2000.

Count 11 is a charge that alleges that Mr. Iong possessed a false passport "on or about October 2003."

**Discussion of Law**

It is respectfully submitted that the indictment improperly joins Count 11 with Counts 1 through 10.

As noted, Counts 1 through 10 allege various tax and bank fraud charges. On the other hand, Count 11 alleges an event that occurred more than three years after the date of any other indicted offense.

<u>Fed. R. Crim. Pro. Rule 8(a)</u> states:

> Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan.

<u>Fed. R. Crim. Pro. Rule 8(a)</u>

Thus, this Court must determine whether the offenses charged in Mr. Iong's indictment "are based on the same act or transaction or on two or more acts or constituting parts of a common scheme or plan." <u>Id.</u> And this consideration of the validity of the joinder is based solely on the allegations in the indictment. See <u>United States v. Terry</u>, 911 F.2d 272, 276 (9th Cir.1990). While the term "'transaction' is to be interpreted flexibly and 'may comprehend a series of related occurrences,'" <u>Terry</u>, 911 F.2d at 276 (quoting <u>United States v. Kinslow</u>, 860 F.2d 963, 966 (9th Cir.1988)), the indictment must allege some commonality between the joined offenses. <u>Id.</u> "Joinder is proper when the same facts must be adduced to prove each of the joined offenses." <u>United States v. Portac, Inc.</u>, 869 F.2d 1288, 1294 (9th Cir.1989).

In the case at bar, the offenses charged in the indictment are all distinct (even in time). When charges

are improperly joined, Federal Rule of Criminal Procedure 14(a) provides relief from prejudicial joinder.

The indictment does state that Mr. Iong possessed the false passport "after learning he was under investigation by the Internal Revenue Service." Indictment, Count 11. Apparently, the government seeks to connect to unrelated offenses with an allegation that Mr. Iong possessed a false passport because he was under investigation. This allegation is tenuous.

As the ninth circuit court has noted, "[b]ecause evidence of flight can be consistent with innocence, we must evaluate flight instructions by looking for facts that support the inference from flight to a consciousness of guilt of the specific crime charged." United States v. Dixon, 201 F.3d 1223, 1232 (9th Cir. 2000).

Flight instructions are valid only if there is evidence sufficient to support a chain of unbroken inferences from the defendant's behavior to the defendant's guilt of the crime charged." United States v. Silverman, 861 F.2d 571, 581 (9th Cir. 1988). To meet this requirement, "four inferences must be justified: (1) from the defendant's behavior to flight; (2) from flight to consciousness of guilt; (3) from consciousness of guilt to consciousness of guilt concerning the crime

3

charged; and (4) from consciousness of guilt concerning the crime charged to actual guilt of the crime charged." Id. (internal quotation marks omitted).

In determining whether these inferences are warranted, the court considers "whether the defendant knew the police suspected him of a particular crime" and "whether the defendant fled immediately after the crime." United States v. Dixon, 201 F.3d 1223, 1232 (9th Cir. 2000).

In this case, if Count 11 were tried with the remaining counts, Mr. Iong would be prejudiced because evidence of his alleged possession of a false passport would be introduced during his tax and bank fraud trial.

This type of bootstrapping of unrelated and prejudicial evidence should not be tolerated simply because those charges were plead in the indictment. Otherwise, the charging decisions made by the government at the inception of a case could override a defendant's due process rights at trial.

In addition to these concerns, the jury cannot "reasonably [be] expected to 'compartmentalize the evidence' so that evidence of one crime [did] not taint the jury's consideration of another crime." United States v. Johnson, 820 F.2d 1065, 1071 (9th Cir. 1987).

4

Once the jury learns of the allegations of possession of a false passport, they will be prejudiced in their consideration of the remaining charges.  Thus, this Court should sever Count 11 in Mr. Iong's indictment from the remaining counts.

**Conclusion**

As a result of the foregoing, it is respectfully requested that this motion is granted.

DATED:  Honolulu, Hawaii, August 1, 2006.

/s/ David F. Klein
DAVID F. KLEIN
Attorney for Defendant
KENNETH CHIO HENG IONG