IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 05-00117-01 HG |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OF LAW |
| | ) | |
| vs. | ) | |
| | ) | |
| KENNETH CHIO HENG IONG, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

MEMORANDUM OF LAW

I.  STATEMENT OF FACTS

On March 23, 2005, the Defendant was indicted for three counts alleging violations of Title 26, United States Code, Section 7201, income tax evasion.  In that indictment, the Defendant was also charged with seven counts alleging the filing of false statements for the purpose of influencing a federally insured bank, in violation of Title 18, United States Code, Section 1014.  The final charge in the indictment alleges that the Defendant possessed a false passport purportedly a Republic of Costa Rica passport which was a fraudulent document not issued by Costa Rica.  The counterfeit passport was in the name of Win Ping King Fong.

The Defendant was well aware of the tax investigation in which he was involved and must have fully expected the return of an indictment.  While the investigation was pending, the Defendant obtained a fraudulent passport and traveled from the

United States to Asia using that document. During his travels, he also had his valid U.S. passport which he kept in his luggage. The Defendant was able to move about Asia until he arrived in Japan where the fraudulent nature of the document was noted and he was expelled.

It is the contention of the United States that the Defendant obtained this passport as a form of insurance so that he would be free to flee the country if an indictment was returned. The charge in this indictment arises from his "test" of the counterfeit document he had purchased.

II.  STATEMENT OF LAW

Rule 8(a) of the Federal Rules of Criminal Procedure provides for joinder of offenses; however, it applies only where there is a single defendant. Rule 8(a) clearly allows for a joinder when the offenses are, "connected with or constitute parts of a common scheme or plan." Rule 8(a)(3) of the Federal Rules of Criminal Procedure. Rule 8(a) is permissive; it does not require that all offenses against a single defendant be joined in the same indictment. However, the law is clear that a defendant should not be made the basis of multiple prosecutions arising from a single transaction or scheme. Petite v. United States, 361 U.S. 529, 530 (1960).

Offenses have been found to be "based on the same act or transaction" so as to be properly joined where perjury and

jury tampering charges arose from the same trial. <u>United States v. Forrest</u>, 623 F.2d 1107, 1114 (5th Cir. 1980). Perjury in civil rights violations are also properly joined. <u>United States v. Duzac</u>, 622 F.2d 911, 913 (5th Cir.), <u>cert. denied</u>, 449 U.S. 1012 (1980).

Offenses have been found to be "based on two or more acts or transactions constituting part of a common scheme or plan" so as to be properly joined where charges of causing interstate travel and the use of interstate facilities to promote prostitution show the motive for threat and perjury charges, <u>United States v. Raineri</u>, 670 F.2d 702, 708-09 (7th Cir. 1982), and most importantly where escape and substantive offenses were joined and the escape was to avoid prosecution for those substantive charges, <u>United States v. Ritch</u>, 583 F.2d 1179, 1181 (1st Cir.), <u>cert. denied</u>, 439 U.S. 970 (1978).

III. <u>CONCLUSION</u>

For the foregoing reasons and particularly in view of the <u>Ritch</u> holding, the Defendant's motion should be denied.

DATED: August 15, 2006, at Honolulu, Hawaii.

Respectfully submitted,

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

By <u>/s/ Leslie E. Osborne, Jr.</u>
LESLIE E. OSBORNE, JR.
Assistant U.S. Attorney

3