IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | CRIMINAL NO. 05-00117 HG |
| ) | |
| Plaintiff(s),    ) | |
| ) | REPORT OF FINAL PRETRIAL |
| vs.    ) | CONFERENCE, MINUTES AND |
| ) | ORDER |
| KENNETH CHIO HENG IONG (01) ) | |
| and DOROTHY CHIU LAI YUNG    ) | |
| (02),    ) | |
| ) | |
| Defendant(s).    ) | |
| _____ ) | |

REPORT OF FINAL PRETRIAL CONFERENCE,
MINUTES AND ORDER

A final pretrial conference was held pursuant to CrimLR17.1.1 on February 12, 2007, before the Honorable Kevin S. C. Chang, United States Magistrate Judge. Appearing at the conference were Leslie Osborne, Assistant United States Attorney on behalf of the United States and Stuart Fujioka (01) and Loretta Faymonville (02) on behalf of the Defendants.

Jury trial in this matter will begin at 9:00 a.m. on March 13, 2007 before the Honorable Helen Gillmor, Chief United States District Judge. The United States represented that it will take 4 - 5 trial days to complete the presentation of its case in chief inclusive of cross examination. Counsel for Defendant Kenneth Iong (01) represented that he will take 1 trial day to complete the presentation of his case in

chief inclusive of cross examination. Counsel for Defendant Dorothy Chiu Lai Yang (02) represented that she will take ½ day to complete the presentation of her case in chief inclusive of cross examination.

Counsel for the United States made certain representations on the record concerning the need for interpreters {CrimLR17.1.1(e)}, the dismissal of certain counts and the elimination from the case of certain issues {CrimLR17.1.1(f)}, severance of trial as to any co-defendant or counts {CrimLR17.1.1(g)}, the joinder of any related cases {CrimLR17.1.1(g)}, the use or identification of informants, use of line-up or other identification procedures, and the use of evidence of prior convictions of any witness {CrimLR17.1.1(h)}, and whether there are any percipient witnesses whom the government does not intend to call in its case-in-chief {CrimLR17.1.1(n)}.

  X Counsel for the United States represented to this Court that Defendant Kenneth Chio Heng Iong (01) and Dorothy Chiu Lai Yung (02) requested disclosures pursuant to Fed. R. Crim. P. 16(a)(1)(C) and (E) and that the United States has complied with those requests. This Court therefore finds that Fed. R. Crim. P. 16(b)(1)(A) and (C) apply to Defendant Kenneth Chio Heng Iong (01) and Dorothy Chiu Lai Yung (02) in this case.

After due consideration of the stipulations, representations and arguments of counsel, this Court enters the following orders concerning matters discussed at the pretrial conference:

1.  <u>Fed. R. Evid. 404(b)</u> - The United States shall serve upon opposing counsel and file with the Court by none per the government a written statement of intent to use evidence of any Defendant's acts covered by Fed. R. of Evid. 404(b). Defendants shall oppose the use of such evidence by filing motions in limine as hereafter provided.

2.  <u>Motions in limine</u> -

    a.  All motions in limine shall be filed with the Court and served upon opposing counsel by February 21, 2007.

    b.  Memoranda in opposition to any motions in limine shall be filed with the Court and served upon opposing counsel by February 26, 2007.

3.  <u>Brady and Giglio Material</u> - The United States shall complete its production of evidence favorable to the Defendant on the issue of guilt or punishment, as required by <u>Brady v. Maryland</u>, 373 U.S. 83 (1963) and related authorities and impeachment material, cooperation agreements, plea agreements, promises of leniency and records of criminal convictions, required by <u>Giglio v. United States</u>, 405 U.S. 150 (1972) and its progeny defendants herein by February 21, 2007. The

United States is under a continuing obligation to produce <u>Brady</u> and <u>Giglio</u> material which may come into its possession right through the trial of this matter.

_X_  4. <u>Jury Instructions</u> -

      a.    Jury instructions shall be prepared and submitted in accordance with LR51.1.  The parties shall serve upon each other a set of proposed jury instructions on or before February 21, 2007.  The proposed instructions shall include an "elements which must be proven by the prosecution" instruction for each offense charged and proposed language to fill in the charge and elements of the crime blanks of 9TH CIR. CRIM. JURY INSTR. 1.02 (1995).

      b.    The parties shall thereafter meet and confer for the purpose of preparing one complete set of agreed upon jury instructions.  The jury instructions which are agreed upon shall be filed with the Court.

      c.    Supplemental instructions which are not agreed upon and a concise argument supporting the appropriateness of the proposed instruction shall be filed with the Court.  All objections to the non-agreed upon instructions shall be in writing and filed.

      d.    All filings required by subparagraphs b and c above shall be completed by February 28, 2007.

 X  5. <u>Witnesses</u> - Pursuant to stipulation by all parties, each party shall serve upon opposing counsel and file a final comprehensive witness list indicating the identity of each witness that the party will call at trial in each respective case-in-chief by March 6, 2007.

6. <u>Exhibits</u> -

     X  a. The parties shall meet and exchange copies or, when appropriate, make available for inspection all exhibits to be offered and all schedules, summaries, diagrams and charts to be used at the trial other than for impeachment or rebuttal.  Upon request, a party shall make the exhibit or the underlying documents of any exhibit available for inspection and copying.  The parties shall meet and confer regarding possible stipulations to the authenticity and admissibility of proposed exhibits.

        b. The original set of exhibits tabbed and (in binders), and one copy (in a binder) and the list of all exhibits shall be submitted to the court by the Friday before the trial date.

7.     <u>Stipulations</u> - Stipulations shall be in writing and shall be filed with the Court by February 28, 2007.

8.     <u>Voir Dire Questions</u> - The parties shall prepare in writing and submit to the court any special voir dire inquiries they wish the judge to ask the jury panel by February 28, 2007.

9.     <u>Trial Briefs</u> - Each party shall serve upon opposing counsel and file with the Court by February 28, 2007 a trial brief on all significant disputed issues of law, including foreseeable procedure and evidentiary issues, setting forth briefly the party's position and the supporting arguments and authorities.  If a defendant objects to the filing of a full trial brief because such a filing would disclose a theory of defense, that defendant shall file a trial brief stating such objection and briefing the Court on matters not covered by such objection.

 X     10. <u>Jencks Disclosures</u> - The United States has  agreed to make disclosures of witness statements pursuant to the Jencks Act (18 U.S.C. §3500) by the Friday before the trial.

11.    <u>Other Matters</u> -

Defendant Kenneth Chio Heng Iong (01) scheduled to appear before the Honorable Kevin S.C. Chang, United States Magistrate Judge,  on 2/23/07 at 2:00 pm for a change of plea.

 X     12.    <u>Pretrial Conference before Chief Judge Helen Gillmor</u> - All Counsel in this matter shall appear before the Honorable Helen Gillmor, Chief United States

District Judge at 8:30 a.m. on March 5, 2007 in her courtroom for a pretrial conference. Counsel shall be ready at that time to discuss with the trial judge all matters covered by this report, minutes and order.

This order shall remain in effect until modified by the Court and shall be modified by the Court only to prevent manifest injustice.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 12, 2007.



_____
Kevin S.C. Chang
United States Magistrate Judge

CRIMINAL NO. 05-00117 HG; USA vs. KENNETH CHIO HENG IONG (01) and DOROTHY CHIU LAI YUNG; REPORT OF FINAL PRETRIAL CONFERENCE, MINUTES AND ORDER