ORIGINAL

EDWARD H. KUBO, JR.   #2499
United States Attorney
District of Hawaii

RONALD G. JOHNSON   #4532
Chief, Major Crimes

LESLIE E. OSBORNE, JR.   #3740
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii  96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
E-mail:  Les.Osborne@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 2 3 2007

at _____ o'clock and _____ min _____ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR. NO. 05-00117-01 HG |
| | ) |
| Plaintiff, | ) MEMORANDUM OF PLEA AGREEMENT |
| | ) |
| vs. | ) |
| | ) |
| KENNETH CHIO HENG IONG, | ) Date:    February 23, 2007 |
| | ) Time:    2:00 p.m. |
| Defendant. | ) Judge:   Kevin S.C. Chang |
| | ) |

MEMORANDUM OF PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal

Procedure, the UNITED STATES OF AMERICA, by its attorney, the

United States Attorney for the District of Hawaii, and the

Defendant KENNETH CHIO HENG IONG, and his attorney, Stuart N.

Fujioka, have agreed upon the following:

1.    Defendant acknowledges that he has been charged in the Indictment with violating Title 26, United States Code, § 7201 and Title 18, United States Code, §§ 1014 and 1028(a)(4).

2.    Defendant has read the charges against him contained in the Indictment, and those charges have been fully explained to him by his attorney.

3.    Defendant fully understands the nature and elements of the crimes with which he has been charged.

4.    Defendant will enter voluntary pleas of guilty to Counts 3 and 11 charging him with income tax evasion (Count 3) and fraud in connection with identification documents (Count 11). The prosecution agrees to move to dismiss the remaining counts of the Indictment as to Defendant after sentencing.

5.    Defendant agrees that this Memorandum of Plea Agreement shall be filed and become part of the record in this case.

6.    Defendant enters these guilty pleas because he is in fact guilty of income tax evasion and fraud in connection with an identification document as charged in Counts 3 and 11 of the Indictment.

7.    Defendant understands that the penalties for the offenses to which he is pleading guilty include:

2

a.    up to five years imprisonment and a fine of up to $100,000, plus a term of supervised release of not less than two years and not more than three years as to Count 3, and

b.    up to three years imprisonment and a fine of up to $250,000, plus a term of supervised release of one year as to Count 11, and

c.    restitution pursuant to Title 18 U.S.C. § 3663 to the Internal Revenue Service, Department of the Treasury of the United States, which shall be based upon the tax loss either agreed upon between the parties prior to sentencing or as established at an evidentiary hearing at the time of sentencing.

In addition, the court must impose a $100.00 special assessment as to each count to which the defendant is pleading guilty.

8.    Defendant admits the following facts and agrees that they are not a detailed recitation, but merely an outline of what happened in relation to the charges to which defendant is pleading guilty:

<u>COUNT 3</u>

a.    On or about June 4, 2000, within the District of Hawaii, defendant KENNETH CHIO HENG IONG, who was then a resident of Honolulu, wilfully attempted to evade and defeat a

3

large part of the income tax due and owing by him and his then former wife to the United States for the calendar year 1999.

b.   Defendant KENNETH CHIO HENG IONG on or about June 4, 2000 signed a materially false and fraudulent form 1040 U.S. Individual Income Tax Return which was filed with the Internal Revenue Service that materially understated the income tax he owed to the U.S.

c.   Defendant, during calendar year 1999, diverted large sums of money from ICH Group, Inc., a Hawaii corporation, dba Sushi Chef, to himself and obtained bank financing for ICH by submitting fictitious invoices to banks to fund loans to ICH for equipment ICH had not purchased.

d.   In addition, defendant underreported money he had received as rental income for the purpose of concealing that unreported additional taxable income.  Defendant was aware that his conduct in 1999 resulted in a substantial additional income tax which was not reported to the IRS for 1999 and admits that the total tax he failed to report during the years charged in the indictment was in excess of $35,000.  (The government contends the true amount is approximately $240,000).

<u>COUNT 11</u>

a.   Defendant admits that during the month of October 2003, he knowingly possessed a false identification document.

4

b.    Defendant acknowledges that the false identification document that he had acquired from a vendor in the District of Hawaii was purported to be a Republic of Costa Rica Passport No. 800420370 which defendant knew was false. Defendant knew the passport in question was false since he had paid approximately $9,000 for it.

c.    Defendant was fully aware of the falsity of the document since that document was issued in the name of Win Ping King Fong and bore his photograph.

d.    Defendant came into possession of the passport with the intent that it be used to defraud the United States by allowing him to enter and leave the U.S. without any record of his travel.

e.    Shortly after obtaining the document, the defendant flew internationally using the fraudulent passport described in Count 11.

9.    Pursuant to CrimLR32.1(a) of the Local Rules of the United States District Court for the District of Hawaii, the parties agree that the charges to which the defendant is pleading guilty adequately reflect the seriousness of the actual offense behavior and that accepting this Agreement will not undermine the statutory purposes of sentencing.

10.    There are no factual stipulations pursuant to CrimLR32.1(b) of the Local Rules of the United States District

Court for the District of Hawaii and § 6B1.4 of the Sentencing Guidelines.

a.    The parties have been unable to agree upon the amount of the tax loss.  If the parties are unable to reach an agreement as to tax loss, it will be determined at a hearing before the District Court at the time of sentencing.  The United States will contend that the tax loss in this matter is approximately $240,000.

b.    There are no offense level stipulations.

c.    The United States Attorney agrees that defendant's agreement herein to enter into a guilty plea constitutes notice of intent to plead guilty in a timely manner, so as to permit the government to avoid preparing for trial as to defendant.  Accordingly, the United States Attorney participates moving in the Government's Sentencing Statement for a one-level reduction in sentencing offense level pursuant to Guideline § 3E1.1(b)(2), if defendant is otherwise eligible.  The defendant understands that notwithstanding its present intentions, and still within the Agreement, the prosecution reserves the rights (1) to argue to the contrary in the event of receipt of new information relating to those issues, and (2) to call and examine witnesses on those issues in the event that either the probation office finds to the contrary of the prosecution's intentions or the Court requests that evidence be presented on those issues.

6

11.   The parties agree that notwithstanding the parties' Agreement herein, the Court is not bound by any stipulation entered into by the parties but may, with the aid of the presentence report, determine the facts relevant to sentencing.

12.   Pursuant to § 6B1.4 of the Sentencing Guidelines, the parties identify the following facts that are in dispute for the purpose of sentencing of Defendant in connection with this matter:

a.   As noted in paragraphs 8 and 10, the amount of the tax loss is currently in dispute.

13.   The Defendant is aware that the has the right to appeal the sentence imposed under Title 18, United States Code, § 3742(a).  Defendant knowingly waives the right to appeal, except as indicated in subparagraph "b" below, any sentence within the maximum provided in the statute(s) of conviction or the manner in which that sentence was determined on any of the grounds set forth in § 3742, or on any ground whatever, in exchange for the concessions made by the prosecution in this plea agreement.

a.   The Defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255, except

7

that defendant may make such a challenge (1) as indicated in subparagraph "b" below, or (2) based on a claim of ineffective assistance of counsel.

b. If the Court imposes a sentence greater than specified in the advisory guideline range determined by the Court to be applicable to the Defendant, the Defendant retains the right to appeal the portion of his sentence greater than specified in that guideline range and the manner in which that portion was determined under Section 3742 and to challenge that portion of his sentence in a collateral attack.

c. The prosecution retains its right to appeal the sentence and the manner in which it was determined on any of the grounds stated in Title 18, United States Code, Section 3742(b).

14. The Defendant understands that the District Court in imposing sentence will consider the provisions of the Sentencing Guidelines. The Defendant agrees that there is no promise or guarantee of the applicability or nonapplicability of any Guideline or any portion thereof, notwithstanding any representations or predictions from any source.

15. The Defendant understands that this Agreement will not be accepted or rejected by the Court until there has been an opportunity by the Court to consider a presentence report, unless

8

the Court decides that a presentence report is unnecessary.  The
Defendant understands that the Court will not accept an agreement
unless the Court determines that the remaining charges adequately
reflect the seriousness of the actual offense behavior
and accepting the agreement will not undermine the statutory
purposes of sentencing.

16.  Defendant understands that by pleading guilty he
surrenders certain rights, including the following:

a.  If Defendant persisted in a plea of not guilty
to the charges against him he would have the right to a public
and speedy trial.  The trial could be either a jury trial or a
trial by a judge sitting without a jury.  The Defendant has a
right to a jury trial.  However, in order that the trial be
conducted by the judge sitting without a jury, the Defendant, the
prosecution and the judge all must agree that the trial be
conducted by the judge without a jury.

b.  If the trial is a jury trial, the jury would
be composed of twelve laypersons selected at random.  Defendant
and his attorney would have a say in who the jurors would be by
removing prospective jurors for cause where actual bias or other
disqualification is shown, or without cause by exercising
peremptory challenges.  The jury would have to agree unanimously
before it could return a verdict of either guilty or not guilty.

The jury would be instructed that the Defendant is presumed innocent, and that it could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt.

      c.  If the trial is held by a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he or she was persuaded of the Defendant's guilt beyond a reasonable doubt.

      d.  At a trial, whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against the Defendant.  Defendant would be able to confront those prosecution witnesses and his attorney would be able to cross-examine them.  In turn, Defendant could present witnesses and other evidence on his own behalf.  If the witnesses for the Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

      e.  At a trial, the Defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify.

      17.  Defendant understands that by pleading guilty, he is waiving all of the rights set forth in the preceding

paragraph.  Defendant's attorney has explained those rights to him, and the consequences of the waiver of those rights.

18.  Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreement reached, other than those set forth in this Agreement, to induce Defendant to plead guilty.

19.  Should the Court refuse to accept this Agreement, it is null and void and neither party shall be bound thereto. The parties understand that the Court's rejection of any stipulation between the parties does not constitute a refusal to accept this Agreement since the Court is expressly not bound by stipulations between the parties.

20.  Defendant understands that the prosecution will apprise the Court and the United States Probation Office of the nature, scope and extent of Defendant's conduct regarding the charges against him, related matters, and any matters in

// //

// //

// //

// //

// //

// //

// //

11

aggravation or mitigation relevant to the issues involved in
sentencing.

DATED:  Honolulu, Hawaii, ___2/23/07_____.

AGREED:

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

KENNETH CHIO HENG IONG
Defendant

RONALD G. JOHNSON
Chief, Major Crimes

STUART N. FUJIOKA
Attorney for Defendant

LESLIE E. OSBORNE, JR.
Assistant U.S. Attorney

12