Kenneth C. long
Summary of Tax Deficiencies
Form 1040: 1997, 1998, & 1999

Summary of Unreported Income

|  | 1997 | 1998 | 1999 | Total |
|---|---|---|---|---|
| Rental Payments | $ 8,992 | $ - | $ - | $ 8,992 |
| Capital Gains | 124,080 | - | - | 124,080 |
| Leasehold Improvements | - | 67,700 | 160,371 | 228,071 |
| Interest Expense Income | - | 4,410 | - | 4,410 |
| Equipment Rent | - | 347,102 | - | 347,102 |
| Unreported Rents | - | 12,655 | 10,170 | 22,825 |
| Legal Fees | - | - | 54,087 | 54,087 |
| Total Unreported Income | $133,072 | $ 431,867 | $224,628 | $ 789,567 |
| | | | | |
| Total Income Reported | 88,410 | 65,272 | 53,360 | 207,042 |
| | | | | |
| Total Income as Corrected | $221,482 | $ 497,139 | $277,988 | $ 996,609 |
| | | | | |
| LESS: | | | | |
| Itemized Deductions | (32,477) | (29,369) | (43,019) | (104,865) |
| Exemptions | (3,604) | - | (1,540) | (5,144) |
| Taxable Income as Corrected | $185,401 | $ 467,770 | $233,429 | $ 886,600 |

|  | 1997 | 1998 | 1999 | Total |
|---|---|---|---|---|
| Tax as Corrected | $ 36,631 | $ 158,291 | $ 67,389 | $ 262,311 |
| | | | | |
| Tax Reported | (7,979) | (2,349) | (43) | (10,371) |
| Tax Understatement | $ 28,652 | $ 155,942 | $ 67,346 | $ 251,940 |

The defense has argued that because the corporation received "no tax benefit" from the income items attributable to Kenneth long, the items are "not taxable" to him.

Further, due to the inadequacy of the corporation's books and records, a "global view" should be applied to all 3 years in determining if Kenneth long received "more from the corporation than he put in."

First, it is an understatement to say the corporation received "no benefit" from the income items attributable to Kenneth long.

By defrauding lenders the encumbered the corporation with liabilities for nonexistent assets and using corporate funds for personal purposes, Kenneth long rendered ICH Group, Inc. insolvent, forcing the corporation into bankruptcy. (*CI Counsel Evaluation Memorandum*, June 8, 2004)

In addition, it isn't necessary for the corporation to receive a benefit from use of corporate funds to qualify expenditures as income to the shareholders. If the payment benefits the shareholder, it is generally income of some nature to the shareholder.



EXHIBIT 1

Second, it is agreed that the corporation's books and records are inadequate for several purposes.

General Journal entries with numerous items appear frequently throughout 1997, 1998, and 1999, with no available detail to aid in determining what amounts are being "reclassified" from one account to another, where certain amounts arise from, and why the entry was done.

The same is true with trial balance amounts when the tax returns are prepared. Debits and credits affecting numerous accounts are done with no backup detail or schedule of items and amounts being moved, and why.

However, a "global view" for all 3 years cannot be taken with respect to this instant case. A corporation cannot make distributions to a shareholder, or make payments for liabilities on a shareholders behalf, and "wait one or two years" to determine how such distributions are to be treated for tax purposes.

With that in mind, a year-by-year review of the issues:

- 1997: The primary issue is Kenneth long's "Contribution" account. The beginning amount on the trial balance with the Hawaii State Tax Return is questionable, apparently originating from a General Journal entry. That amount is then increased by a "Bank Balance" adjustment, that Chris Shiereck concedes was "plugged." In addition, the ICH books and records for 1997, indicate Kenneth long received more than $600,000 in "draws" from the corporation. Yet that amount does not appear on the trial balance.

    While it appears items paid by ICH on Kenneth long's behalf and included in Cost of Goods Sold were "moved" to the "Contribution" account, detail of the items and amounts is not available.

    A conservative approach was taken in reducing the starting trial balance amount to $0 and computing distributions in excess of contributions.

- 1998: The primary issue is income arising from false invoices. Kenneth long received benefit from proceeds obtained by the false invoices while making the corporation liable for repayment of those proceeds.

    The defense has asserted that the items "were" adjusted, and classified to long's "Contribution" account. However, no indication of removing the items from "Leasehold Improvements" or "Equipment Rent" in 1998 could be found.

- 1999: The primary issue is amounts paid on long's behalf that were booked as "Leasehold Improvements." A trial balance adjustment gives the appearance of eliminating the items and "moving" them to long's "Contribution" account.

    However, details of the items and amounts taken out of "Leasehold Improvements" are not available.

    And, it could be the items and amounts were simply moved to a shorter class life category ("Fixed Assets").

"Fixed Assets" is reduced by $1.2million, and applied to reduce long's "Contribution" account. This could be a correction to an 11/1/99 general journal entry on ICH's books increasing "Fixed Assets" by a similar amount.

Key to determining if distributions exceed contributions for 1999, is a credit given long for "Accumulated Depreciation." The trial balance adjustment correcting the 11/1/99 general journal entry increasing assets, should have credited the "Accumulation Depreciation" to "Fixed Assets."

In summary, given all the movements and reclassification of items both on ICH's books and records and the trial balance, the amounts reflected on such cannot be totally relied on.

However, based on the information available, Kenneth long did "take out more than he contributed" during the 3-year period, 1997, 1998, and 1999.

If computed at a tax rate of 28%:

|  | 1997 | 1998 | 1999 | Total |
|---|---|---|---|---|
| Taxable Income as Corrected | $ 185,401 | $ 467,770 | $ 233,429 | $ 886,600 |
| Tax Rate 28% | 0.28 | 0.28 | 0.28 | 0.28 |
| Tax as Corrected | $ 51,912 | $ 130,976 | $ 65,360 | $ 248,248 |
| Tax as Reported | (7,979) | (2,349) | (43) | (10,371) |
| Tax Understatement | $ 43,933 | $ 128,627 | $ 65,317 | $ 237,877 |

Prepared by:

*[signature]*
Quinten Quine
Revenue Agent
June 7, 2007