# MEMORANDUM RE: KENNETH IONG
## ANALYSIS OF ALLEGED INCOME ITEMS
## 1997-1998-1999

The purpose of the memorandum is to provide the results of my analysis of the alleged unreported income items of Kenneth Iong, as provided by Special Agent Poon of the Internal Revenue Service criminal investigation division at our meeting of February 23, 2007.

Agent Poon, by oral report, provided the information contained on Exhibit A, pages 1, 2, & 3 (prepared by the undersigned) as her summary of the transactions by ICH Group, Inc. ("ICH") that produced a benefit to Kenneth Iong for the 1997, 1998, and 1999 tax years, and that Agent Poon contended should have been reported as additional income by Mr. Iong. In addition, Agent Poon listed the amounts she believed to be unreported rental income by Mr. Iong for the same years.

I reviewed the detail general ledger of ICH for 1999 that was reviewed by Agent Poon and contained the accounting entries referenced in her oral report. I was also able to review the trial balance and adjusting entries prepared by ICH's CPA, Mr. Chris Schiereck, for 1997, 1998, & 1999. Mr. Schiereck prepared the trial balance and adjusting entries as part of the process of preparing ICH's corporate income tax return for each of those years.

Upon review of Mr. Schiereck's trial balance and adjusting journal entries, I was able to determine that Mr. Schiereck adjusted out various transactions on the ICH trial balance and therefore those transactions were not used in preparing the ICH corporate tax returns. In particular, Agent Poon identified a number of transactions which ICH initially booked as leasehold improvements, withdrawal of capital, or rent or interest expense but which were actually used to purchase residential property in Mr. Iong's name. However, prior to filing the corporate tax returns, Mr. Schiereck reversed those entries and characterized them as either repayment of capital to Mr. Iong (and thus not income to Mr. Iong) or loans to Mr. Iong (which Mr. Iong paid back to ICH when the properties sold). As a result, a number of the transactions identified by Agent Poon were not recorded as expenses/deductions on the corporate tax returns and therefore did not result in a tax benefit for the corporation. Without a tax benefit at the corporate level, the transactions

LAI-2867543v1


Exhibit #3

should not be considered as a benefit to Mr. Iong that would result in taxable income to him.

Attached as Exhibit B is an excerpt from the corporation's general ledger for 1999. The transactions identified by Agent Poon (e.g. payments to Title Guaranty Escrow and Man Lee Construction) are contained on page 315 and subsequent pages of the general ledger under account 1500, "leasehold improvement." The total in the leasehold improvement account by the end of 1999 was $285,139.40 (See p. 320). Similarly, various "loan accounts" and their related postings as "debits" for some of the various payments ICH made on the mortgages related to the real estate are referenced on subsequent pages of Exhibit B.

Exhibit C contains the trial balances and adjusting journal entries prepared by CPA Chris Schiereck in connection with his preparation of ICH's 1997, 1998 and 1999 income tax returns. The trial balances list (1) the various accounts in ICH's general ledger; and (2) the balance in the account as contained in the general ledger as of December 31, 1997, December 31, 1998, and December 31, 1997, respectively. The trial balances then proceed through a series of various adjustments to adjust those year end balances. The last column represents the adjusted balance of the account, and it was the adjusted balance that ultimately ended up on ICH's corporate tax returns for each of the years.

The net effect of Mr. Schiereck's adjustments is the elimination of the monies ICH paid related to the purchase or improvement of the real estate, as well as the mortgage payments made, where such postings were made to liability or asset accounts. In addition, in some cases adjustments were made when the original postings were to expense accounts, to the extent Mr. Schiereck could identify an originally incorrect posting, such as in 1997 with the adjustment to "cost of goods sold," and in 1999 with the adjustment to "interest expense." It does not appear Mr. Schiereck made any adjustments to postings in the "legal" or "rent" expense accounts that would have corrected the original mis-postings. The offset to most of the adjustments was against monies Mr. Iong either originally put into ICH or against monies Mr. Iong returned to ICH after the sale or refinance of the properties, some of which Agent Poon makes reference to in her report

(i.e., Agent Poon acknowledges that some of the monies Mr. Iong obtained from the refinance of some of the real estate was contributed back to ICH).

Since it was the adjusted balances from the trial balances that eventually ended up on ICH's tax return, ICH's tax return itself never reflected those transactions which were "adjusted out." Because no tax benefit was obtained by ICH, and since no tax benefit was obtained at the corporate level, the transactions do not give rise to taxable income to Mr. Iong personally.

Attached as Exhibits D, E, & F are spreadsheets comparing Agent Poon's analysis of the transactions (Exhibit A) with the final tax treatment as evidenced by the trial balances and CPA Schierek's adjustments. Exhibit G is a consolidation of Exhibits D, E, & F.

The Exhibits continue to reflect, as unreported income, those transactions which the undersigned could not identify as having been reversed on the trial balances. In addition, the rents received on the various real estate holdings that Agent Poon's analysis concluded were not reported by Mr. Iong were not changed by the undersigned. However, Agent Poon's analysis does not give Mr. Iong credit for the depreciation expense available as a deduction when holding investment rental property.

I have included the depreciation on Exhibits D, E, & F, and they are also reflected on the consolidation on Exhibit G.

Based on the foregoing, I concluded that Mr. Iong's personal tax returns should be amended to include the following additional income for the respective years:

| | |
|---|---|
| 1997 --- | $ 9,851 |
| 1998 --- | $ 34,764 |
| 1999 --- | $ 60,364 |
| Total --- | $ 104,978 |

Respectfully submitted,

J. Stephen Hawkins
Certified Public Accountant
Certified Fraud Examiner
Certified Forensic Accountant

LAI-2867543v1

EXHIBIT A, PAGE 1

## KENNETH IONG
Summary of Government's Allegations and Transactions Provided by Agent Poon

**1997**

Iong withdrew money from ICH to buy 15th Ave Property

|  |  |  |
|---|---|---|
| Withdrawal # 1 |  | 70,000 |
| Withdrawal #2 |  | 98,900 |
|  | Total | **168,900** |

ICH initially recorded the withdrawals as a
  cost of goods sold expense

Personal rent paid by ICH, recorded
  as rent expense                               9,000

**Amount treated as income to Iong**                          177,900

**Alleged unreported rental income by Iong**                       0

**Total alleged income to Iong**                          **177,900**

EXHIBIT A, PAGE 2

## KENNETH IONG
### Summary of Government's Allegations and Transactions Provided by Agent Poon

|  |  | <u>1998</u> |
|---|---:|---:|
| **Various payments made by ICH for residential property** |  |  |
| Wrote check to State Wide Contractors | 40,000 |  |
| Wrote check to Lumber Company | 16,500 |  |
| Wrote check to State Wide Contractors | 11,200 |  |
| ICH recorded the ICH payments as leasehold improvements | 67,700 |  |
| **Loan payments for residential property** |  |  |
| ICH payment of mortgage on 15th Ave | 19,700 |  |
| ICH payment of mortgage to HMF | 4,400 |  |
| ICH recorded these payments as interest or rent exp | 24,100 |  |
| **Iong withdrew money from ICH to buy Moaniala property** |  |  |
| ICH recorded the payments as withdrawal of capital | 15,000 |  |
| **Iong withdrew money from ICH to buy 8th Ave property** |  |  |
| ICH recorded the payments as leasehold improvements | 87,000 |  |
| **ICH paid to State Wide Contractors for residential property** |  |  |
| ICH recorded the payments as leasehold improvements | 74,700 |  |
| **Amount treated as income to Iong** |  | 268,500 |
| **Alleged unreported rental income by Iong** |  | 14,300 |
| **Total alleged income to Iong** |  | 282,800 |

EXHIBIT A, PAGE 3

## KENNETH IONG
### Summary of Government's Allegations and Transactions Provided by Agent Poon

<u>1999</u>

| | | | |
|---|---:|---:|---:|
| **Various payments made by ICH for residential property** | | | |
| Wrote check to Man Lee Const | 90,000 | | |
| Wrote check for escrow deposit on 8th Ave. property | 33,000 | | |
| Wrote check for escrow on 8th Ave. property | 37,300 | | |
| ICH recorded the payments as leasehold improvements | | 160,300 | |
| **Loan payments by ICH for residential property** | | | |
| ICH payment to FF | 23,800 | | |
| ICH payment to HCCU | 33,000 | | |
| ICH payment to ISL | 6,800 | | |
| ICH recorded these payments against loans payable | | 63,600 | |
| ICH payment to HMF | 2,200 | | |
| ICH recorded these payments as interest exp | | 2,200 | |
| Refinance of Moaniala property | | | |
| ICH recorded this payment as legal expense | | 54,000 | |
| **Amount treated as income to Iong** | | | 280,100 |
| **Alleged unreported rental income by Iong** | | | 10,000 |
| **Total alleged income to Iong** | | | **290,100** |

EXHIBIT D

## KENNETH IONG
### Summary of Adjusted Calculations of Alleged Income

| | |
|---|---:|
| **Alleged unreported income per Exhibit A, page 1** | **177,900** |
| Adjustment to reverse posting of payments as cost of goods sold | (164,413) |
| Adjustment to reverse posting of payments treated as rent exp | 0 |
| Depreciation not claimed | (3,636) |
| **Adjusted alleged income to long** | **9,851** |

EXHIBIT E

## KENNETH IONG
### Summary of Adjusted Calculations of Alleged Income

| | |
|---|---:|
| **Alleged unreported income per Exhibit A, page 2** | **282,800** |
| Adjustment to reverse posting of payments treated as leasehold improvements | (67,700) |
| Adjustment to reverse posting of payments treated as rent or interest exp | 0 |
| Adjustment to reverse posting of payments treated as withdrawal of capital | (15,000) |
| Adjustment to reverse posting of payments treated as leasehold improvements | (87,000) |
| Adjustment to reverse posting of payments treated as leasehold improvements | (74,700) |
| Depreciation not claimed | (3,636) |
| **Adjusted alleged income to Iong** | **34,764** |

**EXHIBIT F**

## KENNETH IONG
## Summary of Adjusted Calculations of Alleged Income

| | |
|---|---:|
| **Alleged unreported income per Exhibit A, page 3** | **290,100** |
| Adjustment to reverse posting of payments treated as leasehold improvements | (160,300) |
| Adjustment to reverse posting of payments on mortgage treated as loans | (63,600) |
| Adjustment to reverse posting of payments treated as rent or interest exp | (2,200) |
| Adjustment to reverse posting of payments treated as legal expense | - |
| Depreciation not claimed | (3,636) |
| **Adjusted alleged income to Iong** | **60,364** |

EXHIBIT G

## KENNETH IONG
Summary of Government's Allegations and Transactions Provided by Agent Poon
Summary of Adjusted Calculation of Alleged Income

Summary of government's calculation of alleged income to Iong:

|  |  |  |
|---|---|---|
|  | 1997 | 177,900 |
|  | 1998 | 282,800 |
|  | 1999 | 290,100 |
|  | **Total** | **750,800** |

Summary of adjusted calculation of alleged income to Iong:

|  |  |  |
|---|---|---|
|  | 1997 | 9,851 |
|  | 1998 | 34,764 |
|  | 1999 | 60,364 |
|  | **Total** | **104,978** |